*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* RISTICK, Minors.

UNPUBLISHED
June 17, 2026
9:10 AM

No. 377790
Jackson Circuit Court
Family Division
LC No. 25-000851-NA

Before: YOUNG, P.J., and BORRELLO and TREBILCOCK, JJ.

PER CURIAM.

In this termination of parental rights appeal, respondent-father challenges the trial court's determinations concerning reasonable efforts, the statutory basis for termination, and best interests. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondent sexually abused PR, his minor stepdaughter, for many years. After PR reported that conduct, the Department of Health and Human Services (DHHS) petitioned the trial court to take jurisdiction over his minor children, MR and DR, and terminate his parental rights at initial disposition.

The trial court found probable cause to believe that one or more of the allegations in the petition were true and ordered an expedited Interstate Compact on the Placement of Children investigation because nonrespondent-mother lived out of state. Following a two-day adjudication trial in DHHS's favor, the trial court entered an adjudication order finding statutory grounds to exercise jurisdiction over the children. It then conducted a dispositional hearing at which DHHS clarified it sought termination under MCL 712A.19b(3)(b)(*i*) (a sibling of the children suffered sexual abuse caused by the parent's act), (j) (reasonable likelihood of harm if returned to parent), and (k)(*ii*) (parent sexually abuse the child or a sibling of the child). Over respondent's denial of

-1-

the allegations of sexual abuse, the trial court found all three statutory grounds applicable and that the termination of respondent's parental rights was in MR's and DR's best interests, and accordingly terminated respondent's parental rights to MR and DR under (b)(*i*), (j) and (k)(*ii*). Respondent appeals as of right.

## II. REASONABLE EFFORTS

The first issue is whether the trial court erred by terminating his parental rights at initial disposition without requiring reasonable efforts to reunify him with the children. On clear error review, *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005), we disagree.

"Reasonable efforts to reunify the child and family must be made in all cases except those involving the circumstances delineated in MCL 712A.19a(2)." *In re Simonetta*, 507 Mich 943, 943 (2021). One such aggravated circumstance is when an adult who resides for any length of time in the children's home has abused a sibling of the children, including "[c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate." See MCL 712A.19a(2)(a), 722.638(1)(a)(*ii*). That is what happened here.

All parties agree that MR and DR are PR's siblings under MCL 712A.19b(3)—they share a mother. See MCL 712A.13a(1)(*l*). And here, the trial court found PR credibly testified that respondent digitally, vaginally, and anally penetrated her beginning as early as when she was six or seven years old and living with him. She even described an instance when respondent "made" her perform oral sex on him while her mother was sleeping in another room. The trial court also disbelieved respondent's testimony to the contrary as "just simply not credible." We must give "deference to the trial court's special opportunity to judge the credibility of the witnesses," *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009), and respondent gives us no reason to disturb the trial court's credibility determinations.

Nor could he. To the trial court's eye, there was "no doubt" in its mind that respondent "groomed" PR and "carried on a sexual relationship" with her "for a long period of time." Indeed, several text messages admitted at the adjudication trial and mentioned during the dispositional phase showed respondent texted PR when she was 14 years old to request explicit photos. Through his conduct, respondent "groomed" PR over many years and even expressed desires about wanting to marry her when she turned 18 years old. In the trial court's words, it is "indeed clear and convincing that [respondent] is a sexual predator."

Accordingly, respondent's sexual abuse of the children's half sibling constituted an aggravated circumstance under MCL 722.638(1)(a)(*ii*), and DHHS was not required to make reasonable efforts toward reunification, see *In re Simonetta*, 507 Mich at 943. Respondent's appeal on this issue is wholly devoid of merit.[1]

---

[1] Respondent's appellate brief also refers to a due-process issue concerning reasonable efforts, but we cannot address it given his failure to list this issue in his statement of questions presented as required under MCR 7.212(C)(5). See *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019).

## III. STATUTORY BASIS

Respondent next challenges the trial court's statutory bases for termination, which we review for clear error. *In re Atchley*, 341 Mich App 332, 345-346; 990 NW2d 685 (2022). There is no error, let alone clear error, present. He is not entitled to relief on this basis.

Although respondent raises issues concerning the trial court's MCL 712A.19b(3)(b)(*i*) and (j) findings, he does not do so with respect to MCL 712A.19b(3)(k)(*ii*). As such, we may presume that the trial court did not clearly err by finding that the unchallenged statutory ground was established by clear and convincing evidence. See *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1998), overruled in part on other grounds by *In re Trejo*, 462 Mich 341; 612 NW2d 407 (2000). Nevertheless, having reviewed the record, respondent's conduct here supports the statutory grounds for termination under MCL 712A.19b(3)(k)(*ii*), which provides for termination of parental rights if there is "criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate" and "there is a reasonable likelihood that the child will be harmed if returned to the care of the parent."

As set forth above, PR provided extensive testimony concerning respondent's sexual penetration of her. With that, and the trial court's credibility determinations, we see no reason to disturb the trial court's finding that respondent engaged in criminal sexual conduct involving penetration under MCL 712A.19b(3)(k)(*ii*).

The trial court also found a reasonable likelihood that the children would suffer injury or abuse if returned to respondent because "[t]he risk that one or both of these children could also be sexually abused by [respondent] is, in fact, unreasonably high." That finding was permissible under the anticipatory neglect doctrine, which "allows an inference that a parent's treatment of one child is probative of how that parent may treat other children." *In re Kellogg*, 331 Mich App 249, 259; 952 NW2d 544 (2020). And as set forth above, respondent's sexual grooming and abuse of PR for many years supports that inference. We see nothing in the record establishing the trial court erred in not setting it aside.

The trial court, therefore, did not err by finding grounds to terminate respondent's parental rights under MCL 712A.19b(3)(k)(*ii*). And, because "[o]nly one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights," *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011), we affirm on this ground alone and do not address the other statutory grounds found by the trial court.

## V. BEST INTERESTS

In his final argument, respondent contends that the trial court erred by finding that termination was in the children's best interests. We review that finding for clear error. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

"The purpose of child protective proceedings is the protection of the child." *In re Brock*, 442 Mich 101, 107; 499 NW2d 752 (1993). "[T]he history of Michigan's termination-of-parental-rights statute indicates that the focus at the best-interest stage has always been on the child, not the parent." *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's

best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). The trial court must weigh all the evidence available to determine the child's best interests, *In re Trejo*, 462 Mich at 350, and may consider such factors as "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home," *In re Olive/Metts*, 297 Mich App at 41-42 (citations omitted).

When, as here, more than one child is involved, a trial court must consider each child's best interests separately. *Id*. at 42. It need not, however, make "individual" and "redundant factual findings" if their interests do not significantly differ. *In re White*, 303 Mich App 701, 715-716; 846 NW2d 61 (2014). A child's safety and well-being, and the risk that a child might face if returned to the parent's care, must also be considered in the court's best-interest determination. See *In re VanDalen*, 293 Mich App 120, 141-142; 809 NW2d 412 (2011). To assess the risk of future harm if returned to the parent's care, the court may consider the doctrine of anticipatory neglect, in which the parent's treatment of one child is probative of how they will treat another. *In re Mota*, 334 Mich App 300, 323; 964 NW2d 881 (2020). Such is the case here.

The trial court made best-interest findings centered around RM and DM's protection and interests. It considered their bond to respondent, their safety and well-being, relative placement, likelihood of future harm, and the history between the parents. While acknowledging a bond between the children and respondent, the trial court found his conduct of "berating the children's mother" harmful to the children and his denials and explanations regarding the sexual-abuse allegations against PR as "simply not credible" It concluded that the children faced an unreasonably high risk of sexual abuse if returned to respondent given the severity of his abuse against PR and his refusal to accept responsibility or acknowledge the inappropriateness of his actions. Additionally, the trial court found significant the children's genuine excitement in being reunited with their mother.

On appeal, respondent takes issue with the trial court's statement that it "did not understand why" relative placement was a best-interest factor to consider in this circumstance "when the relative is a mother who's estranged from the father." Those musings aside however, the record makes clear that the trial court found that "placement with mom here, even though she's a relative, doesn't do anything to work against [its] belief that it is indeed in the best interest of these children to terminate" respondent's parental rights. These statements establish that the trial court explicitly considered relative placement, a mandatory factor subject to consideration in a best-interest analysis. See *In re Olive/Metts*, 297 Mich App at 43. There is no error in this regard.

We also reject respondent's argument that the trial court failed to consider MR and DR individually in the best-interest analysis. Although it is "incumbent on the trial court to view each child individually when determining whether termination of parental rights in in that child's best interest," *id*. at 42, the on-the-record findings established that the trial court *viewed* each child individually. Perhaps more importantly, the children's interests did not significantly differ because the trial court opined that "both" children faced an "unreasonably high" risk of sexual abuse if returned to respondent, and this factor was equally applicable to both children. The trial court, therefore, did not need to make "individual" and "redundant" findings as to each child. See *In re White*, 303 Mich App at 715-716.

On this record, we cannot conclude the trial court clearly error by finding that termination of respondent's parental rights was in the children's best interests.

## VI. CONCLUSION

For these reasons, we affirm the trial court's judgment.

/s/ Adrienne N. Young
/s/ Stephen L. Borrello
/s/ Christopher M. Trebilcock